R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Eric Bowers*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC BOWERS,<br><br>    Plaintiff,<br><br>v.<br><br>THE HEARST CORPORATION,<br><br>    Defendant. | **Case No.:** |

### COMPLAINT AND JURY DEMAND

Plaintiff Eric Bowers ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against defendant The Heart Corporation ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and of willful violation of the Digital Millennium Copyright Act § 1202.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual doing business as Eric Bowers Photography with an address at 1851 South 31st Street, Apt. D, Kansas City, Kansas.

4. Upon information and belief, Defendant is a foreign business corporation organized under the laws of Delaware with a principal place of business at 300 West 57th Street, New York, New York 10019.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. **Plaintiff's Business**

8. Plaintiff is a professional photographer based out of Kansas and, through his business Eric Bowers Photography, creates and licenses photographic images for various uses.

9. Plaintiff is renowned for his photography of architecture.

10. Plaintiff's intellectual property is very important to him. As a result, he typically includes digital copyright management information in his photographs.

11. Among the many photographs taken by the Plaintiff, Plaintiff is the original author of a photographic image at issue in this case (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

12. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

13. August 11, 2015, Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, Certificate for Registration Number VA 1-980-953, in a bulk registration along with other works. Attached hereto as Exhibit B is a copy of the Certificate for Registration Number VA 1-980-953 obtained from the United States Copyright Office.

14. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

15. The Copyrighted Work included copyright management information in the metadata of the photograph, identifying such ownership.

**B.    Defendant's Unlawful Activities**

16. Upon information and belief, Defendant owns, operates or participates in the operation of a number of websites, including one located at the URL http://www.KMBC.com, where Defendant publishes copyrighted content, or causes copyrighted content to be published, such as that belonging to Plaintiff, to draw internet users to visit and remain at Defendant's websites where Defendant's brand, products or services are promoted and sold and where profits from advertising revenue grow as viewership grows.

17. Plaintiff has discovered that Defendant is and has been infringing the exclusive copyrights in the Copyrighted Work.

18. Specifically, Plaintiff discovered exact copies of the Copyrighted Work being reproduced, distributed, and publicly displayed at the following websites (herein after the

"Infringing Websites"):

- https://scontent-lga3-1.xx.fbcdn.net/v/t1.0-9/37171385_10156371097786221_161523601059610624_n.jpg?_nc_cat=0&oh=a8d837bb9c18ea089de046efdab0702b&oe=5BDDA034

- https://www.facebook.com/kmbc9/photos/a.10150650730646221.451765.30767206220/10156371097781221/

- http://www.kmbc.com/article/iconic-western-auto-sign-to-light-up-kc-once-more/22140734

- https://twitter.com/kmbc/status/1017784237007634433

- https://twitter.com/kmbc/status/1017945245340897287

19. Screenshots of Defendant's unlawful use of the Copyrighted Work are attached hereto as Exhibit C.

20. Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff and without any regard for the copyrights of Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

21. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

22. The reproduction, distribution, and public display of Plaintiff's Copyrighted Work by Defendant is without Plaintiff's authorization.

23. The unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work by Defendant is knowing and willful and in reckless disregard of Plaintiff's rights.

24. Plaintiff has caused a number of cease and desist letters to be sent to Defendant.

25. Defendant continues to disregard the copyrights of Plaintiff, forcing Plaintiff to bring this action.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

26. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

27. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

28. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Websites.

29. By its actions, as alleged above, Defendant infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

30. Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

31. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from the uses of the Copyrighted Work by Defendant without paying license fees, in an amount to be proven at trial.

32. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

33. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

34. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

35. The conduct of Defendant has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

36. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

37. As an alternative theory to his direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

38. Defendant's foregoing acts of contributory infringement violates Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

39. Upon information and belief, the foregoing acts of contributory infringement by Defendant of Plaintiff's copyrights are willful and deliberate and Defendant has profited at the expense of Plaintiff.

40. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

41. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

42. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

43. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the contributory infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

45. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

46. As an alternative theory to his infringement claims above, to the extent Defendant contends it did not directly infringe nor contributorily infringe Plaintiff's copyright, Defendant had

the right or ability to control the direct infringement described above.

47. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

48. Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and Defendant benefitted from that direct infringement.

49. As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from the Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

50. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

51. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

52. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

53. The Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting vicarious infringement of Plaintiff's exclusive rights under copyright law.

## FOURTH CLAIM FOR RELIEF
## <u>VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT</u>
## <u>(17 U.S.C. § 1202)</u>

54. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

55. The Copyrighted Work contained copyright management information.

56. Upon information and belief, Defendant intentionally removed copyright management information from the Copyrighted Work.

57. Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

58. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

59. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were willful.

60. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

61. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

62. At his election, and in lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover

statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act.

63.	Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.	A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.	A declaration that such infringement is willful;

3.	An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.	Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.	Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6.	Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.	A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and

distributing false copyright management information to conceal infringement;

       8.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

       9.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

      10.     Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

      11.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

      12.     Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

      13.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 1, 2019

                                        Respectfully submitted,

                                        By: */s/ R. Terry Parker*
                                        R. Terry Parker, Esquire
                                        RATH, YOUNG and PIGNATELLI, P.C.
                                        120 Water Street, Second Floor
                                        Boston, MA 02109
                                        Telephone: (603) 226-2600
                                        Email: rtp@rathlaw.com